OPINION
{¶ 1} Plaintiffs-appellants Donald and Linda Williams appeal from a summary judgment rendered against them on their claim for personal injury to Donald, and loss of consortium to Linda, against defendant-appellee Voss Chevrolet, Inc., and others, arising out of a trip and fall sustained by Donald Williams when he entered Voss Chevrolet's store. Williams[1] contends that the trial court erred when it held, as a matter of law, that the hazard causing his fall, a four-inch step up to the door leading into the Voss Chevrolet store, was open and obvious. He contends that a Voss salesman's comment about the weather, addressed to him as he was about to enter the store, which distracted him momentarily from looking where he was going, constituted an attendant circumstance rendering the hazard other than open and obvious. We conclude that a salesman's remark does not constitute an attendant circumstance capable of rendering a hazard other than open and obvious, because the owner of the store has no duty to anticipate the existence of that circumstance; therefore, it cannot impact the store owner's duty to warn of, or to correct, hazards. Consequently, the judgment of the trial court is Affirmed.
 I {¶ 2} The facts are succinctly set forth in the trial court's decision, as follows:
 {¶ 3} "The parties agree that on April 7, 2003 at approximately 10:00 a.m., Plaintiff Donald A. Williams [footnote in original omitted] went to Voss Chevrolet to shop for a Hyundai automobile. He parked in customer parking and was greeted by a Justin Jones, a Voss salesperson. Williams Dep. at 25. They walked a short distance to the doorway of the showroom and were having a causal [sic, evidently "casual" is intended] conversation. Id. at 31. Mr. Jones, who was standing to the right and a half-step behind Plaintiff, reached around and opened the showroom door. Id. at 33-34. In order to enter the showroom, Plaintiff was required to step up from the paved lot area approximately four inches and walk through a glass door. Id. at 32. As Plaintiff started to enter the showroom, he caught the toe of his foot on the step, and fell, breaking his ankle. Id. at 34 to 37. He further testified in his deposition that had he looked down as he was walking he would have been able to see the step and his toe probably would not have caught the step. Id. at 58.
 {¶ 4} "On the day of the incident, the area experienced heavy rain. As Plaintiff entered the showroom, there was a `very heavy' cloud cover. Plaintiff testified that the step was the same color as the sidewalk. Defendant submitted, by way of affidavit, that in the last ten years no one had been injured walking on the step through the doorway except Plaintiff. Mot., Ex. A, at ¶ 4-5."
 {¶ 5} We have reviewed the transcript of Williams's deposition, in its entirety, and find support therein for all of the trial court's factual findings.
 {¶ 6} The Williamses brought this action against Voss Chevrolet, an unknown employee, and Medical Mutual of Ohio. The claims against Voss Chevrolet were for personal injury to Williams, and loss of consortium by Linda Williams. Voss Chevrolet moved for summary judgment, which the trial court granted. The Williamses appeal from the summary judgment rendered against them.
 II {¶ 7} The Williamses' sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANTS IN GRANTING SUMMARY JUDGMENT TO DEFENDANT/APPELLEE VOSS CHEVROLET, INC."
 {¶ 9} Both parties recognize that the standard of appellate review of a summary judgment is de novo, that the evidence must be viewed in a light most favorable to the non-prevailing party — the Williamses, in this case — and that summary judgment is only appropriate if reasonable minds can only come to the conclusion that the prevailing party is entitled to judgment as a matter of law.
 {¶ 10} Both parties recognize that "an owner is under no duty to protect its customers from known dangers or dangers [that] are so obvious and apparent that a customer should reasonably be expected to discover them and protect himself from them."Armstrong v. Best Buy Co., 2001-Ohio-1934 (9th District), affirmed 99 Ohio St.3d 79 (2002). In this connection, "the fact that the condition itself is so obvious * * * absolves the property owner from taking any further action to protect the plaintiff." Armstrong v. Best Buy Co. (2002), 99 Ohio St.3d 79,82.
 {¶ 11} Ordinarily, as Williams appears to recognize, there would be no question but that a four-inch step up to the entrance to a store would be an open and obvious hazard. As Williams, himself, testified at his deposition, "With the door open [and he testified that the salesman was holding it open at the time], there shouldn't have been anything blocking my vision." Williams responded, "Probably not," to the question: "Had you been looking down as you were walking through the door, do you think your toe would have caught the step?"
 {¶ 12} The crucial issue in this appeal is whether the fact that the salesman made a remark to Williams concerning the weather just as Williams was about to enter the store constituted an attendant circumstance that would render the otherwise open and obvious hazard posed by the step up into the store other than open and obvious. In support of his argument that the salesman's remark did constitute an attendant circumstance, Williams citesHenry v. Dollar General Store (January 17, 2003), Greene App. 2002-CA-47, 2003-Ohio-206, a decision of this court.
 {¶ 13} In the Henry case, a store customer tripped over a cement block that was being used to hold open the exit door, on her way out of the store. In reversing a summary judgment for the store owner, we concluded that there was a jury question whether the store owner had created attendant circumstances rendering an otherwise open and obvious hazard — the cement block — not open and obvious, where the store owner had placed a trash can full of mops and brooms on the opposite side of the doorway, and placed merchandise nearby at eye level, creating a distraction. Likewise, in Baumgardner v. Wal-Mart Stores, Inc. (December 13, 2002), Miami App. 2002-CA-11, 2002-Ohio-6856, we found that there was a genuine issue of material fact concerning attendant circumstances where the pallet on which a store customer tripped was located near, and possibly partially obscured by, merchandise, in an area where customers could be expected to turn or change directions.
 {¶ 14} We find the facts in the case before us to be distinguishable. The issue in these cases is whether the owner of a commercial establishment has a duty either to warn invitees of a hazard, or correct the hazard. The owner has no duty to warn invitees of open and obvious hazards. Because the issue is the existence of a duty on the part of the owner of the property, that duty must be analyzed in light of conditions of which the owner is either actually aware, or constructively aware. A sudden loss of power, caused by external circumstances, during the night, but while the store is open to the public, may render many otherwise open and obvious hazards other than open and obvious, due to the loss of electric lighting. But the store owner is not bound to anticipate that circumstance; otherwise, he would become an insurer of the safety of invitees within his store, which he is not.
 {¶ 15} In Henry v. Dollar General Store, supra, a reasonable jury might find that the store owner was charged with constructive knowledge, at least, of the placement of the merchandise, and also of the trash can full of mops and brooms, that in combination might distract a reasonable customer from noticing the otherwise open and obvious hazard represented by the cement block. In Baumgardner v. Wal-Mart Stores, supra, a reasonable jury might find that the store owner was charged with constructive knowledge, at least, of the placement of merchandise near, and possibly partially obscuring, a pallet, in an area where customers could be expected to turn or change directions, that might distract a reasonable customer from noticing the otherwise open and obvious hazard represented by the pallet.
 {¶ 16} By contrast, in the case before us, we conclude that no reasonable jury could find that the owner of the Voss Chevrolet store was charged with knowledge, constructive or actual, that a salesman was going to make a chance remark about the weather at the moment that a customer was about to enter the store. Therefore, that cannot be an attendant circumstance capable of rendering the four-inch step up into the store other than open and obvious, and the store owner had no duty to warn the customer of the hazard, or to correct it.
 {¶ 17} The Williamses' sole assignment of error is overruled.
 III {¶ 18} The Williamses' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Wolff, JJ., concur.
[1] We will refer to Donald Williams, individually, or the Williamses, collectively, as "Williams," referring specifically to "Linda Williams" whenever it is necessary to refer to her, individually.