DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Virginia Galo ("Galo"), appeals the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of Defendant-Appellees Carron Asphalt Paving, ("Carron") and First Interstate Properties (collectively "Appellees"). This Court affirms.
 I {¶ 2} On August 22, 2005, Carron began to grind down asphalt in preparation for repaving a shopping center parking lot owned by First Interstate Properties. Carron began its work in front of the Dollar Tree store. On that same afternoon, Galo and her daughter were headed to the Dollar Tree to shop. Galo parked, got out of her car and walked toward the store, when her toe caught on a raised lip in the asphalt in her path. Galo tripped and fell, injuring her right knee. Eric Simpson, who was in the parking lot at the time, witnessed the incident and informed the paving foreman of Galo's fall. *Page 2 
 {¶ 3} On April 4, 2007, Galo filed her complaint against Appellees alleging that they had negligently maintained the parking lot. Galo's complaint alleged that Appellees breached their duty of care owed to her by failing to maintain the lot in a reasonably safe condition. Specifically, Galo asserted that Appellees were aware of the hazardous condition and failed to warn her about the danger, and that as a direct result of Appellees' failure to warn, she fell and injured her knee.
 {¶ 4} On December 6, 2007 Appellees filed a Motion for Summary Judgment, which the trial court granted on March 6, 2008. Galo has timely appealed that judgment, asserting a single assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SINCE GENUINE ISSUES OF MATERIAL FACT EXISTED DEMONSTRATING THAT DEFENDANTS BREACHED THEIR DUTY OF CARE TO MAINTAIN THE PREMISES IN A REASONABLY SAFE CONDITION, WHICH BREACH OF DUTY DIRECTLY AND PROXIMATELY CAUSED INJURIES AND DAMAGES TO PLAINTIFF VIRGINIA GALO."
 {¶ 5} In her sole assignment of error, Galo asserts that the trial court erred when it granted Appellees' motion for summary judgment. Specifically, Galo argues that genuine issues of material fact exist as to whether Appellees were negligent. We disagree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. *Page 3 
 {¶ 7} Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} In order to succeed under an action for negligence, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty was the proximate cause of the plaintiff's injuries.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. Although a premises owner has a duty to exercise ordinary care in maintaining the premises, the open and obvious doctrine, when applicable, obviates the duty to warn and acts as a complete bar to any negligence claims.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at¶ 5. The open and obvious doctrine relates to the threshold issue of duty and provides that the owner of a premises owes no duty to those people entering the premises regarding dangers that are open and obvious. Id. at ¶ 13. This Court has also adopted the "Kimball rule" and its progeny when determining if a danger is open and obvious. *Page 4 
 "The `Kimball Rule' holds that variations in sidewalk levels of less than two inches are, as a matter of law, minor or trivial imperfections that are not unreasonably dangerous. However, even if the variation in the sidewalk level is less than two inches, evidence of `attendant circumstances' might make even a slight variation unreasonably dangerous." Campbell v. GMS Management Co. Inc. (Mar. 30, 1994), 9th Dist. No. 16403, at *2, citing Cash v. Cincinnati
(1981), 66 Ohio St.2d 319, 323-24.
Our review of the record convinces us that Galo failed to establish the threshold element of her negligence claim.
 {¶ 9} Carron's paving foreman, Mark James, stated that after the pavement grinding was complete, the lip in the asphalt was "no more than 1½ inches in height difference." Moreover, Galo concedes the lip was "maybe 2 inches." Though it is unclear from the photographs attached to Appellees' motion what the exact height differential was, neither party asserts it was anything greater than two inches. Therefore, we find that the defect was, "as a matter of law, [a] minor or trivial imperfection
that [was] not unreasonably dangerous." Id.
 {¶ 10} Next, we consider whether attendant circumstances may deem the minor imperfection substantially dangerous. "[T]he phrase `attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." Louderback v. McDonald's Restaurant (July 27, 2005), 4th Dist. No. 04CA2981, 2005-Ohio-3926, at ¶ 19.
 {¶ 11} Appellees argue that Galo conceded in her deposition testimony that there were no attendant circumstances present at the time of injury. She stated that there were only two other people in the parking lot and that they were approximately 15 feet away. She further noted that: there was no traffic in the parking lot; the weather was "nice" that day; she was not distracted by anything, and nothing was blocking her view of the pavement lip. *Page 5 
 {¶ 12} Additionally, "Ohio courts have found that no duty existed in cases where the plaintiff did not notice the condition until after he or she fell, but could have seen the condition if he or she had looked."Kirksey v. Summit Cty. Parking Garage, 9th Dist. No. 22755,2005-Ohio-6742, at ¶ 11. We turn to Galo's deposition statements for direction on this issue and point to the following exchange:
 "Q:Did you look down before you walked?
 "A:No, I never look down when I walk.
 "* * *
 "Q:If you had looked down, do you know if you would have seen [the pavement lip]?
 "A:I would have seen it if I would have looked down, I would think. I don't even know that, if I would have."
 {¶ 13} In short, we find that Appellees have met theirDresher burden and now look to Galo to identify any material facts that remain in dispute.
 {¶ 14} Galo contends that the pavement lip does not constitute an open and obvious danger sufficient to excuse Appellees from owing her a duty of care. Specifically, she argues that the one half inch difference between the parties' estimates of the height of the pavement lip is not a minor defect, but rather an "obvious difference" that constitutes a disputable issue of fact. We disagree. Furthermore, viewing the disputed height in the light most favorable to Galo, her estimate that the pavement lip was "maybe 2 inches" still places the pavement defect within the confines of the Kimball rule.
 {¶ 15} Next, Galo argues that the construction zone itself was an attendant circumstance and that the presence of such attendant circumstances that subsequently give rise to a duty to warn "is precisely what [she] presents in this case." This, however, is completely contradictory to the argument that she was unaware or unwarned about the construction work being done. *Page 6 
Attendant circumstances include "any distraction that would come to theattention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time." (Emphasis added.) Jenks v. City of Barberton, 9th Dist. No. 22300, 2005-Ohio-995, at ¶ 16, quoting McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 499. By definition, an attendant circumstance is one that is known or experienced by a party. Thus Galo cannot simultaneously argue shewas aware of the construction zone for the purpose of asserting that it created an attendant circumstance, but that she was unaware of the same for the purpose of asserting a negligence claim. Accordingly, we do not find that there were any attendant circumstances which would convert the minor elevation to a substantial defect. Thus, the open and obvious doctrine applied and alleviated Appellees of any duty owed to Galo.
 {¶ 16} Galo further maintains that Appellees were negligent because they created a hazardous condition on the property, and that, because they knew of the condition and had sufficient time to warn others about the condition but did not, they are liable. Galo cites three cases in support for her position. We note, however, that these cases all deal with circumstances where duty was well-established and the question, instead, was one of breach. See Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589-90 (establishing that store owners owe a duty of due care to their patrons and that duty was not breached); Anaple v.Standard Oil Co. (1955), 162 Ohio St. 537, 541-43 (finding that the business did not breach the duty it owed to business-invitee); Crane v.Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136 (determining a hospital visitor was an invitee, thus was owed a duty of ordinary care). We consider these cases inapposite to the facts and posture of this case, therefore, her argument is without merit.
 {¶ 17} Galo also avers that there was nothing present to warn her of the construction underway in the parking lot. Eric Simpson, as witness to Galo's incident, provided a statement *Page 7 
consistent with Galo. We note that the record does contain differing statements as to whether there were construction barricades erected in the area and orange paint applied to the pavement lift at the time when Galo fell. In the absence of any duty to warn, however, we need not address this issue.
 {¶ 18} Finally, Galo maintains that Appellee's "reliance on theArmstrong line of cases is misplaced." We reject Galo's narrow reading of the Armstrong case law which has been widely applied and is the seminal case for employing the open and obvious doctrine in negligence claims. See Thompson v. Park River Corp. 1st Dis. Nos. C-040508
C-040844, 2005-Ohio-2855, at ¶ 39; Williams v. Voss Chevrolet,Inc., 2d Dist. No. 21560, 2006-Ohio-4509, at ¶ 10; Lang v. Holly HillMotel, Inc., 4th Dist. No. 05CA6, 2005-Ohio-6766, at ¶ 19-21; andGodwin v. Erb, 5th Dist. No. 2006-CA0074, 2006-Ohio-3638, at ¶ 28.
 {¶ 19} The Court finds that Galo failed to meet her reciprocalDresher burden because she was unable to point to any remaining genuine issues of material fact regarding the duty element of her negligence claim. Therefore, the trial court did not error in granting Appellees' motion for summary judgment.
 III {¶ 20} Galo's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 8 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, J., CONCURS