[Cite as *Johnson v. Southview Hosp.*, 2012-Ohio-4974.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| CAROLYN JOHNSON | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   25049 |
| v. | : | T.C. NO.   11CV3254 |
| SOUTHVIEW HOSPITAL, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____26th____ day of ____October____, 2012.

. . . . . . . . . .

JOHN D. SMITH, Atty. Reg. No. 0018138 and ANDREW P. MEIER, Atty. Reg. No. 0083343, 140 N. Main Street, Springboro, Ohio 45066
        Attorneys for Plaintiff-Appellant

CHARLES F. SHANE, Atty. Reg. No. 0062494 and HOWARD P. KRISHER, Atty. Reg. No. 0009088, 400 PNC Center, 6 N. Main Street, Dayton, Ohio 45402
        Attorneys for Defendant-Appellee

KIRSTIE N. YOUNG, Atty. Reg. No.  0084007, 400 PNC Center, 6 N. Main Street, Dayton, Ohio 45402
        Co-counsel for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     Carolyn Johnson appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Southview Hospital on Johnson's personal injury claim.   For the following reasons, the judgment of the trial court is affirmed.

*Facts & Procedural History*

{¶ 2}     On May 7, 2009, Johnson transported an acquaintance to Southview Hospital.   After several hours in the emergency room, Johnson went to the cafeteria.   As she entered  the cafeteria through an entry over which an accordion-style gate had been partially closed, she tripped over the track for the gate and fell to the floor, sustaining injuries to her face and hand.    Several photographs of Johnson's approaching the doorway as well as her fall were captured by security cameras.

{¶ 3}     On May 4, 2011, Johnson filed a complaint against Southview Hospital,[1] alleging that the track had created a hazard and that the hospital's negligence had caused her injuries.   The hospital filed a motion for summary judgment, which was granted by the trial court.   Johnson appeals from the summary judgment in favor of Southview Hospital.

{¶ 4}     Johnson raises one assignment of error on appeal, which states:

**The trial court erred in granting summary judgment in favor of Southview.**

{¶ 5}     Johnson contends that the trial court erred in granting summary judgment, because it incorrectly concluded that the hazard had been open and obvious; alternatively, she argues that the trial court erred in finding no genuine issue of material fact as to whether

---

[1] Johnson's complaint also named Medical Mutual and "Medicare," because these entities paid some of her medical bills.    These parties are not relevant to this appeal.

attendant circumstances excused her failure to recognize the open and obvious hazard.

*Standard of Review*

{¶ 6}     Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*; *see* Civ.R. 56(E).

{¶ 7}     In any negligence action, the plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of the duty. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989); *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989).

{¶ 8}     Under the common law related to premises liability, the status of a person who enters on land determines the nature and extent of the legal duty owed to him or her. *Shump v.*

*First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). In this case, there was no dispute that Johnson was a business invitee. An owner or occupier of land owes a business invitee a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition, in order to insure that the invitee is not unnecessarily and unreasonably exposed to danger. *Bumgardner v. Wal-Mart Stores, Inc.*, 2d Dist. Miami No. 2002 CA 11, 2002-Ohio-6856, ¶ 9. An owner or occupier of land owes no duty to warn invitees of open and obvious dangers on the property, because invitees may reasonably be expected to discover them and protect against them. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203-204, 480 N.E.2d 474 (1985), citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968); *Swiger v. Kohl's Dept. Store, Inc.,* 191 Ohio App.3d 629, 2010-Ohio-6230, 947 N.E.2d 232, ¶ 8 (2d Dist.).

{¶ 9} To be open and obvious, a hazard must not be concealed and must be discoverable by ordinary inspection. *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698 (5th Dist.1989). "The rationale is that an open and obvious danger itself serves as a warning and that 'the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" *Id.*, citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992); *Paschal* at 203-204. The open and obvious doctrine relates to the duty prong of negligence, and acts as a bar to recovery. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 11; *Bumgardner* at ¶ 15. "The open-and-obvious doctrine applies an objectively-reasonable-person standard of what the plaintiff should have known." *Bumgardner* at ¶ 18.

*Analysis*

{¶ 10}    Johnson testified in her deposition that on May 7, 2009, she drove a young woman to Southview Hospital and stayed with her in the emergency room for several hours.   At 5:30 or 6:00 p.m., Johnson decided to go to the cafeteria because she had not eaten all day.   A doctor walked with her part of the way and pointed her in the direction of the cafeteria.   Johnson attempted to enter the cafeteria through an entryway across which an accordion-style gate had been partially closed; the track for the gate crossed the entire entry along the floor.   Johnson testified that the lights were on in the cafeteria, she could see where she was going, and nothing obstructed her view.   Johnson was carrying a planner and her purse.   As Johnson neared the threshold, a cafeteria employee asked her if she needed help.   Johnson apparently fell before she could respond.

{¶ 11}    Security pictures were introduced which captured images of Johnson's fall. When Johnson was asked whether she could identify in the pictures what she had tripped on, she responded that she "wouldn't know whether [she] tripped on anything."   While looking at one of the security photographs, she then circled the track, which ran along the floor across the opening, as the item on which she "believed" she had tripped.   Neither Johnson's testimony nor the photographs indicated that there were any other objects in or around the area where Johnson might have tripped or which would have obstructed her view of the track on the floor.   Johnson's deposition, to which the security photos, other photos, and medical records were attached as exhibits, was the only evidence offered in opposition to the hospital's motion for summary judgment.

{¶ 12}    In granting summary judgment, the trial court found no genuine issue of

material fact. The trial court concluded that the track across the cafeteria entrance was an open and obvious hazard. The trial court found that the photographs of Johnson's fall "graphically establish that the metal track was clearly visible to [Johnson] as she approached the cafeteria's partially closed accordion-style gate." Furthermore, the trial court noted "to her considerable credit, plaintiff unequivocally admits that nothing obstructed her view of the gate and track." The court continued: "Court's Exhibit 1 and security camera photographs of Plaintiff's actual fall clearly document the open and obvious accordion-style gate partially deployed in its metal track. Simply, had Plaintiff looked, she would have seen the gate and track, and reasonable minds could not find otherwise."

{¶ 13}   Johnson claims that there was a genuine issue of material fact as to whether the hazard she encountered was open and obvious. She cites *Bumgardner,* 2d Dist. Miami No. 2002 CA 11, 2002-Ohio-6856, and *Henry v. Dollar General Store*, 2d Dist. Greene No. 2002 CA 47, 2003-Ohio-206, in support of her argument. These cases concluded that the question as to whether the hazardous condition was "open and obvious" was a factual one to be determined by the trier of fact (a jury, in those cases). In *Bumgardner*, the plaintiff tripped over a pallet, which was adjacent to the shopping cart carousel and on most of which was stacked a large display of soft drinks; "the pallet was located at the end of, but at the back side of, a row of shelves that were stocked with merchandise." The plaintiff did not see the pallet until after she fell. In *Henry*, a door to the store had been propped open using a cement block; the block had been placed in a location where customers were arguably likely to be turning or changing direction, and the doorway was partially blocked by a trash can full of mops and brooms, placed opposite the cement block. In these cases, we noted the "extremely fact-specific inquiry" upon which the

determination was based and concluded that, *under the facts presented in those cases*, reasonable minds could disagree about whether the hazard had been open and obvious. *See Henry* at ¶16.

{¶ 14} These holdings, however, do not stand for the proposition that, in every slip-and-fall case, a factual question exists as to whether the hazard was open and obvious. In many instances, this determination can be made as a matter of law. *See, e.g., Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088 (in which the court held, as a matter of law, based on photographs presented by the parties, that the bracket of a shopping cart guardrail near the entrance to the store was an open and obvious hazard). Herein, the trial court concluded that "the gate and track were at all times open and obvious and reasonable minds could not find otherwise." Based on the photographs and Johnson's own admissions, we agree with the trial court's conclusion.

{¶ 15} Johnson further argues that, even if the hazard posed by the gate and track were open and obvious, attendant circumstances excused her failure to observe the hazard and precluded the application of the open and obvious doctrine.

{¶ 16} We have recognized, as a corollary to the open-and-obvious doctrine, that there may be attendant circumstances that divert the individual's attention from a hazard and therefore excuse her failure to observe it. *Olivier v. Leaf & Vine*, 2d Dist. Miami No. 2004 CA 35, 2005-Ohio-1910, ¶ 22. There is no precise definition of "attendant circumstances," but it generally refers to "any distraction that would come to the attention of [the plaintiff] in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *Colville v. Meijer Stores Ltd.*, 2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, ¶ 30, quoting *McLain v. Equitable Life Assur. Co. of the U.S.,* 1st Dist. Hamilton No. C-950048, 1996 WL

107513, *5 (Mar. 13, 1996).

{¶ 17}    Attendant circumstances refer to all facts relating to the event, such as time, place, surroundings or background, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result.  (Internal citations omitted.) *Collier v. Libations Lounge, L.L.C.*, 8th Dist. Cuyahoga No. 97504, 2012-Ohio-2390, ¶ 16.   An attendant circumstance "must divert the attention of the injured party, significantly enhance the danger of the defect, and contribute to the fall. * * * Additionally, an attendant circumstance is one that is beyond the control of the injured party." (Internal citations omitted.)   *Williamson v. Geeting*, 12th Dist. Preble No. CA2011-09-011, 2012-Ohio-2849, ¶ 22.      However, attendant circumstances do not include regularly encountered, ordinary, or common circumstances. *Id.,* citing *Cooper v. Meijer,* 10th Dist. Franklin No. 07AP-201, 2007-Ohio-6086, ¶ 17.

{¶ 18}    The attendant circumstances cited by Johnson in her memorandum in opposition to the motion for summary judgment were the cafeteria employee's offer of help as Johnson attempted to cross the threshold to the cafeteria, the personal items she was holding, the partially open gate, and the absence of signs that the cafeteria was closed.  The trial court rejected these arguments.  In her brief on appeal, Johnson sets forth additional attendant circumstances: the absence of signs indicating that the doorway was an exit or that patrons should watch their step.  She also repeatedly asserts that the track was not supposed to be down unless the cafeteria was closed.

{¶ 19}    We agree with the trial court that Johnson failed to establish that attendant circumstances existed at the time of her fall.  Carrying a purse or planner or being asked about one's need for help from an employee constitute "regularly encountered, ordinary, or common

circumstances." Moreover, a lack of signage or partially open gate would not distract a person so as to reduce her level of care. In fact, the gate actually should enhance awareness on the part of an individual crossing the threshold.

{¶ 20} We also note that many of Johnson's claims about the need for signage, such as that the gated doorway was an exit only and that the cafeteria was closed and should have had a sign reflecting this fact, are unsupported by the record. No one testified that the cafeteria was closed, about the number of entrances and exits available to patrons, or that the location at which Johnson fell was intended to be used only as an exit. Johnson's testimony recounted hearsay statements to this effect, but hearsay is inadmissible and, therefore, not properly offered in opposition to a motion for summary judgment. *Knoth v. Prime Time Marketing Mgmt., Inc.*, 2d Dist. Montgomery No. 20021, 2004-Ohio-2426, ¶ 13. And, even assuming that, per hospital policy, the track was not supposed to be down when the cafeteria was open (another fact about which no admissible evidence was presented), this deviation from the preferred procedure had no bearing on the open and obvious nature of the hazard and did not constitute attendant circumstances which would prevent summary judgment. We agree with the trial court's conclusion that there was no genuine issue of material fact as to the presence of attendant circumstances.

{¶ 21} The sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J., concurring:

{¶ 22}    I concur in Judge Donovan's opinion for the court.   I concur generally in her analysis of the open-and-obvious issue.   I write separately because my application of the attendant-circumstances doctrine is a little different.

## I.   The Doctrine of Attendant Circumstances

{¶ 23}    An open-and-obvious analysis is addressed to the duty of the owner of the property, not to the duty of the plaintiff.   *Armstrong v. Best Buy, Inc.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13-14.   An owner has no duty to warn occupants of the premises of hazards that would be open and obvious to a reasonable person encountering the hazard.   Because the analysis addresses the duty of the owner, the issue is whether the owner could reasonably foresee that the hazard would not be open and obvious to a person encountering the hazard.

{¶ 24}    The attendant-circumstances doctrine informs the open-and-obvious analysis, and is therefore also addressed to the duty of the owner of the premises to warn of a potential hazard.   In performing the open-and-obvious analysis, the court is obliged to consider the circumstances generally attending a person encountering the hazard at that location on the premises.   If those circumstances would distract a reasonable person from a hazard that would otherwise be open and obvious, then they must be taken into account.

{¶ 25}    But the analysis is still concerned with the issue of whether the owner had a duty to warn persons of the existence of the hazard.   The issue is still whether the owner could reasonably expect that the hazard would be open and obvious to a person encountering it. Therefore, the attendant circumstances that inform the analysis refer to circumstances that the

owner could reasonably foresee.

{¶ 26}    For example, if the owner (including, of course, its agents and employees) has placed shelves containing merchandise, with signs encouraging patrons to purchase the merchandise, adjacent to, and above, a patch of soapy water on the floor, that is an attendant circumstance that must be considered in determining whether the hazard is open and obvious. Even if the soapy water would otherwise be open and obvious, the placement of the attractive merchandise adjacent to, and above it, could reasonably be expected by the owner to distract a reasonable person from the hazard, thereby rendering it not open and obvious.   The circumstance of the distracting merchandise generally attends persons encountering the otherwise open and obvious hazard.  *See Bumgardner v. Wal-Mart Stores, Inc.* 2d Dist. Miami No. 2002-CA-11, 2002-Ohio-6856, in which the existence of merchandise in close proximity to a hazard was a factor in finding a genuine issue of material fact in a personal injury case.

{¶ 27}    But suppose that the same soapy water is present on the floor of the store, with no distracting merchandise nearby, and a reasonable person could be expected to see the patch of soapy water, because it is roughly two feet in diameter, and the suds generally present in the water make it clearly visible.   Suppose further that a crazed gunman, armed with an assault rifle, enters the store and begins shooting persons at random.   One occupant of the premises, running for his or her life, does not see the soapy water, slips, falls, and is injured.   The *particular* circumstance of fleeing a mortal danger distracted the occupant from noticing the hazard that would otherwise have been open and obvious, but that circumstance could not have been reasonably anticipated by the owner of the premises.

{¶ 28}    It is the circumstances generally attendant upon a person encountering the

hazard at that location, which the owner could reasonably foresee, not particular circumstances of a person when encountering the hazard, which the owner could not reasonably foresee, that inform the open-and-obvious doctrine, potentially rendering a hazard not open and obvious that would otherwise be open and obvious.

{¶ 29}   Thus, in *Williams v. Voss Chevrolet, Inc.*, 2d Dist. Montgomery No. 21560, 2006-Ohio-4509, ¶ 16, we held:

> * * * that no reasonable jury could find that the owner of the Voss Chevrolet store was charged with knowledge, constructive or actual, that a salesman was going to make a chance remark about the weather at the moment that a customer was about to enter the store. Therefore, that cannot be an attendant circumstance capable of rendering the four-inch step up into the store other than open and obvious, and the store owner had no duty to warn the customer of the hazard, or to correct it.

{¶ 30}   Because the issue is whether the owner had a duty to warn persons on the premises of a potential hazard, the question is whether the owner could reasonably expect, from circumstances known to the owner, or of which the owner had constructive knowledge, that the hazard would be open and obvious to a reasonable person encountering the hazard.

## II.   Application of the Doctrine of Attendant Circumstances to the Facts of this Case

{¶ 31}    In her appellate brief, Johnson argues that the following attendant circumstances rendered the hazard represented by the track in the floor less than open and obvious: (1) "the partially open gate created the only entrance to the cafeteria"; (2) "the partially open gate blocked the rest of the entrance"; (3) "the entrance was actually an exit"; (4) "the metal track was only supposed to be down when the cafeteria is closed"; and (5) "there were absolutely no signs indicating the entrance was actually an exit, that the cafeteria was closed, or warning patrons to 'watch your step.' " These circumstances have the potential of being attendant circumstances, because a reasonable finder of fact could conclude that the owner, through its agents and employees, knew of them, or had constructive knowledge of them.

{¶ 32}    I agree with Judge Donovan, however, that none of these circumstances could be expected to distract a reasonable person from noticing the hazard posed by the metal track in the floor, which was otherwise open and obvious.   The fact that the path including the metal track in the floor was the only entrance to the cafeteria did not render the metal track any less open and obvious.   Neither the fact that the entrance was actually an exit, nor that there were no signs reflecting that the entrance was an exit – or that the cafeteria was closed – constituted a distraction that would render the metal track in the floor less open and obvious.   None of these circumstances would distract a reasonable person from noticing the open and obvious metal track in the floor.

{¶ 33}    In her reply brief, Johnson adds the woman walking towards her from inside the cafeteria, and the vending machines, to the attendant-circumstances calculus.   Like the salesman's comment about the weather in *Williams v. Voss Chevrolet, Inc., supra*, the fact that someone would be walking towards a person encountering the metal track in the floor is not

something of which the owner had actual or constructive knowledge, thereby leading the owner to anticipate that the attention of the person encountering the otherwise open and obvious hazard would be distracted at the time of the encounter.

{¶ 34}  As for the vending machines, as Southview Hospital notes in its answer brief, this was raised in the trial court merely as a *possibility* that there might have been vending machines in the area.  Needless to say, mere speculation that there might have been a distracting attendant circumstance at the time a plaintiff encountered a hazard falls short of establishing that there was, in fact, a distracting attendant circumstance.

{¶ 35}  I agree that when the evidence in this record is viewed in a light most favorable to Johnson, no reasonable finder of fact could find that the metal track in the floor upon which Johnson appears to have tripped was other than open and obvious.  Therefore, I concur in the judgment.

. . . . . . . . . .

FROELICH, J., dissenting:

{¶ 36}  After spending several hours in the emergency room with a young woman from her church, Carolyn Johnson decided to look for the hospital cafeteria.  A doctor walked her part of the way and directed her toward the cafeteria.  Johnson saw that the cafeteria appeared to be open, and she attempted to enter it through a doorway across which an accordion-style gate had been partially closed.  As noted in the lead opinion, the lights in the cafeteria were on, Johnson could see where she was going, and nothing obstructed her view.  As Johnson neared the threshold, a cafeteria employee asked her if she needed help.  Before Johnson could respond, she fell in the cafeteria's doorway.

{¶ 37} At her deposition, Johnson stated that she "wouldn't know whether [she] tripped on anything." While looking at security pictures, Johnson identified the track that ran along the floor across the opening as the item on which she "believed" she had tripped. The record does not reflect any other objects in or around the doorway on which Johnson might have tripped or which would have obstructed her view of the track on the floor.

{¶ 38} The trial court found that "Court's Exhibit 1 and security camera photographs of Plaintiff's actual fall clearly document the open and obvious accordion-style gate partially deployed in its metal track. Simply, had Plaintiff looked, she would have seen the gate and track, and reasonable minds could not find otherwise." The trial court found no genuine issues of material fact and granted summary judgment to the hospital.

{¶ 39} Johnson contends that a genuine issue of material fact exists as to whether the hazard she encountered was open and obvious. "To be open and obvious, a hazard must not be concealed and must be discoverable by ordinary inspection. The relevant issue is not whether an individual observes the condition, but whether the condition is capable of being observed." (Citations omitted.) *Larrick v. J.B.T., Ltd.*, 2d Dist. Montgomery No. 21692, 2007-Ohio-1509, ¶ 11.

{¶ 40} Johnson relies upon *Bumgardner v. Wal-Mart Stores, Inc.*, 2d Dist. Miami No. 2002 CA 11, 2002-Ohio-6856, and *Henry v. Dollar General Store*, 2d Dist. Greene No. 2002 CA 47, 2003-Ohio-206, both of which are discussed by the majority. These cases recognized that "whether a danger is open-and-obvious requires an extremely fact-specific inquiry." *Henry* at ¶ 16. In both cases, we concluded that, under the specific circumstances presented in that case, the trier of fact could reasonably conclude that the hazard had not been open and obvious. *Henry* at ¶ 13; *Bumgardner* at ¶ 26.

{¶ 41}  I agree with the lead opinion's statements that the law is not "that, in every slip-and-fall case, a factual question exists as to whether the hazard was open and obvious" and that "[i]n many instances, this determination can be made as a matter of law."   However, in this case, the trial court concluded that no jury could have reasonably found that the track was not an open and obvious hazard.   Although this is a close call on the record before us, I disagree that, as a matter of law, the track was an open and obvious danger.

{¶ 42}   Johnson testified she did not know why, or on what, she fell; she believed she had tripped.  The trial court's reference to the "gate and the track" may conflate two different dangers.   The gate was open and obvious and walking into it would not establish even potential liability on Southview.   However, there is nothing *in this record* from which a court could irrefutably find that the gate and the track were one unit, that some sort of track continued beyond the partially closed gate, or, if it did, whether it was raised,[2] flat on the surface or indented into the floor.   These possibilities (i.e. genuine issues of material fact) do not even consider whether the presence of the obvious partially closed gate created a reasonable expectation on the part of Johnson whether the open portion of the entrance/exit was, therefore, the safe and expected way to enter the cafeteria.

{¶ 43}  Further, if the track were an open and obvious danger, attendant circumstances excused her failure to observe it and precluded the application of the open and obvious doctrine. "Attendant circumstances" generally refer to "any distraction that would come to the attention of [the plaintiff] in the same circumstances and reduce the degree of care an ordinary person would exercise at the time."   *Colville v. Meijer Stores Ltd.*, 2d Dist. Miami No. 2011-CA-011,

---

[2]In Southview's brief at page 7, it states that, in the pictures, the track "*appears* to be raised off the floor."   (Emphasis added).

2012-Ohio-2413, ¶ 30, quoting *McLain v. Equitable Life Assur. Co. of the U.S.,* 1st Dist. Hamilton No. C-950048, 1996 WL 107513, *5 (Mar. 13, 1996). I do not disagree with the law in this area as set out in the lead and concurring opinions.

**{¶ 44}** Johnson claims that several attendant circumstances existed, including (1) the cafeteria employee's offer of help as Johnson attempted to enter the cafeteria, (2) the personal items she was holding, (3) the partially open gate, (4) the absence of signs that the cafeteria was closed, and (5) the absence of signs indicating that the doorway was an exit or that patrons should watch their step, and that the track was not supposed to be down unless the cafeteria was closed.

**{¶ 45}** I agree with the trial court's and the lead opinion's rejection of some of Johnson's arguments regarding individual attendant circumstances, including Johnson's argument regarding carrying a purse or planner and many of Johnson's claims about the need for signage. However, in my view on this record, Johnson's understandable confusion about how to enter the cafeteria (to which she had been directed), the partially closed gate, and the employee's offer of assistance to Johnson from inside the cafeteria immediately before Johnson crossed the threshold of the doorway created a genuine issue of material fact as to whether attendant circumstances existed that distracted Johnson from the open and obvious hazard created by the track (assuming it was open and obvious).

**{¶ 46}** And these circumstances were all in the control of the hospital or its employees. While perhaps none of these standing alone is an "attendant circumstance," the combined circumstances are more than the sum of the individual parts and created a situation where reasonable minds could disagree about whether this was a regularly encountered or common circumstance that would reduce the degree of care an ordinary person would exercise under the

circumstances.   Accordingly, summary judgment on this issue was inappropriate.

. . . . . . . . . .

Copies mailed to:

John D. Smith
Andrew P. Meier
Charles F. Shane
Howard P. Krisher
Kirstie N. Young
Hon. Steven K. Dankof