[Cite as *Collier v. Libations Lounge, L.L.C.*, 2012-Ohio-2390.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97504**

## ROCHELLE COLLIER

PLAINTIFF-APPELLANT

vs.

## LIBATIONS LOUNGE, L.L.C., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-744066

**BEFORE:** Kilbane, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**ATTORNEYS FOR APPELLANT**

William J. Novak
Scott D. Perlmuter
Novak & Pavlik, L.L.P.
Skylight Office Tower
1660 West Second Street
Suite 950
Cleveland, Ohio 44113-1498

**ATTORNEYS FOR APPELLEES**

**For Libations Lounge, et al.**

Steven J. Forbes
Patrick J. Milligan
Terese M. Fennell
Norchi Forbes L.L.C.
Commerce Park IV
23240 Chagrin Boulevard, Suite 600
Cleveland, Ohio 44122

**For City of Cleveland**

Barbara Langhenry
Interim Director of Law
Linda M. Applebaum
Assistant Director of Law
601 Lakeside Avenue
City Hall - Room 106
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Rochelle Collier ("Collier"), appeals the trial court's granting of summary judgment in favor of defendants-appellees, Tyson Mitchell ("Mitchell") and Libations Lounge, L.L.C. ("Libations Lounge") (collectively referred to as appellees). Finding no merit to the appeal, we affirm.

{¶2} In April 2010, Collier went to Libations Lounge for her daughter's birthday party. She arrived around 9:00 p.m. and parked her car in the unpaved parking lot next to Libations Lounge. This was her first time to Libations Lounge in approximately 22 years. Collier left the birthday party around 11:00 p.m. In order to reach her car, Collier had to weave through the parked cars in the parking lot. Libations Lounge did not provide lighting in the parking lot. Collier stated that she was walking through a "big old field" of complete darkness. As she proceeded to her car, she stopped for a truck backing out of its parking space. Collier then walked through the area occupied by the truck. As she walked through this area, she stepped into a hole, twisted her ankle, and fell to the ground. Collier stated that she was not paying attention while she walked to her car.

{¶3} In December 2010, Collier filed a complaint against appellees and the city of Cleveland ("City"), alleging that appellees and the City jointly and/or severally owned or maintained the parking lot next to Libations Lounge. She claimed that appellees and

the City were negligent in failing to maintain the parking lot and properly warn Collier of the dangerous condition. The appellees and the City each moved for summary judgment, which Collier opposed. In Collier's brief in opposition to appellees' motion for summary judgment, Collier asserted that appellees were liable under a theory of negligence per se for violating Cleveland Codified Ordinances Section 457.09 ("C.C.O. 457.09").

{¶4} Appellees argued that they did not own the property at the time of the incident and the open and obvious nature of the condition eliminates any duty they owed to Collier. The City argued that Mitchell owned the parking lot at the time of the incident and it is entitled to immunity under R.C. 2744.02. The trial court granted the appellees' and the City's respective motions, finding the condition that caused Collier's injury and the darkness in the parking lot were open and obvious conditions, and the alleged violation of C.C.O. 457.09 did not constitute negligence per se. The court further found that the appellees owned the parking lot, and thus, the City did not owe any duty to Collier.

{¶5} Collier now appeals the trial court's judgment granting summary judgment in favor of appellees, raising the following three assignments of error for review.

ASSIGNMENT OF ERROR ONE

> The trial court committed reversible error in sustaining [appellees'] motion for summary judgment by holding that the hazard which injured [Collier] was "open and obvious."

ASSIGNMENT OF ERROR TWO

The trial court committed reversible error by holding that the darkness is always an open and obvious hazard, thereby applying the "step in the dark" rule to the instant case.

ASSIGNMENT OF ERROR THREE

The trial court committed reversible error by holding that [the] violation of [Cleveland Codified Ordinances 457.09] is not negligence per se.

Standard of Review

{¶6}   We review an appeal from summary judgment under a de novo standard of review.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).   In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.   The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.   *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.

{¶7}   Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing

that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

## Open-and-Obvious Doctrine

{¶8} In the first assignment of error, Collier argues that the trial court erred by holding that the hole in the parking lot was "open and obvious." Collier contends that the open-and-obvious doctrine is inapplicable because appellees admitted the hazard was not open and obvious and attendant circumstances bar the application of this doctrine. In the second assignment of error, she argues that the darkness was not an open and obvious hazard and the "step-in-the-dark" rule is inapplicable to her case.

{¶9} The open-and-obvious doctrine provides that premises owners do not owe a duty to persons entering those premises regarding dangers that are open and obvious. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1963), paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504.

{¶10} A business ordinarily owes its invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers.   *Armstrong* at ¶ 5, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).   When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.[1] *Id.*   It is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.   *Id.*

{¶11} When only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. *Klauss v. Marc Glassman, Inc.*, 8th Dist. No. 84799, 2005-Ohio-1306, ¶ 18, citing *Anderson v. Hedstrom Corp.*, 76 F.Supp.2d 422, 441 (S.D.N.Y. 1999).   When reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine.   *Id.*, citing *Carpenter v. Marc Glassman, Inc.*, 124 Ohio App.3d 236, 240, 705 N.E.2d 1281 (8th Dist.1997).

{¶12} Collier argues that appellees' lack of knowledge of the condition creates a question of fact as to its open and obvious nature.   She claims that if the employees, who were watching the parking lot at the time of the incident were not aware of the dangerous condition, then "it is quite a stretch for [appellees] to also argue that [Collier] — making her first trip to the bar in over 20 years — should have noticed the condition."

---

[1]To establish a negligence claim, Collier must demonstrate the existence of a duty, a breach of that duty, and injury or damages proximately caused by the breach.   *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶13} However, there is no evidence in the record that appellees were aware of the hazard that caused Collier's injury. Moreover, there is no evidence in the record that Libations Lounge's employees watched and directed traffic in the parking lot as Collier contends. At her deposition, Collier testified that Libations Lounge did not charge customers to park in the lot. The employees were standing by the entrance to Libations Lounge, and they did not direct traffic in the lot. When asked if the employees were watching everyone park in that area, Collier responded: "[y]eah, probably watching people park, I don't know what they were doing." This evidence does not create a genuine issue of material fact.

{¶14} Collier further argues that the existence of the attendant circumstances precludes the application of the open-and-obvious doctrine and creates a genuine issue of material fact.

{¶15} In *Haymond v. BP Am.*, 8th Dist. No. 86733, 2006-Ohio-2732, this court stated:

> Open and obvious hazards are neither hidden or concealed from view nor non-discoverable by ordinary inspection. The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case. Consequently, the bench mark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable. There are exceptions to this rule, namely, attendant circumstances.

(Citations omitted.) *Id.* at ¶ 16.

{¶16} Although "there is no precise definition of 'attendant circumstances' * * * they generally include 'any distraction that would come to the attention of a pedestrian in

the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" *Klauss,* 8th Dist. No. 84799, 2005-Ohio-1306, ¶ 20, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 693 N.E.2d 807 (1st Dist.1996). Attendant circumstances refers to all facts relating to the event, such as time, place, surroundings or background, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. *Id.*, citing *Menke v. Beerman*, 12th Dist. No. CA97-09-182, 1998 WL 103007 (Mar. 9, 1998).

{¶17} Attendant circumstances, however, do not include "an individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making, and is beyond the control of the injured party." *McDonald v. Marbella Restaurant*, 8th Dist. No. 89810, 2008-Ohio-3667, ¶ 29, citing *Lang v. Holly Marlene Motel, Inc.*, 4th Dist. No. 06CA18, 2007-Ohio-3898; *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 684 N.E.2d 1273 (7th Dist.1996).

{¶18} Collier claims that poor lighting conditions and the presence of cars throughout the parking lot, which covered the holes in the parking lot, are attendant circumstances that distracted her from the hazardous condition. She further claims that darkness is only an open and obvious danger barring recovery where an invitee's decision to encounter the darkness is unreasonable.

{¶19} In *Gates v. Speedway Superamerica, L.L.C.*, 8th Dist. No. 90563, 2008-Ohio-5131, this court found that,

> "'one who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is

generally under no legal obligation to illuminate the same at night.'" *Ashbaugh v. Family Dollar Stores* (Jan. 20, 2000), 4th Dist. No. 99 CA 11, quoting *Jeswald v. Hutt* (1968), 15 Ohio St.2d 224, 239 N.E.2d 37, paragraph one of the syllabus (darkness is always a warning of danger [and for one's own protection it may not be disregarded]); *see also Scheetz v. Kentwood, Inc.*, 152 Ohio App.3d 20, 2003-Ohio-1209, 786 N.E.2d 501 ('because appellee had no duty to provide lighting in the restaurant parking lot, it could not have breached any such duty by failing to illuminate its parking lot on the night [plaintiff] fell'); *Meilink v. AAA Northeast Ohio* (Dec. 4, 1998), Lucas App. No. L-98-1139 (no duty to provide adequate lighting even if owner undertakes to provide some light in parking lot).

*Id.* at ¶ 17.

{¶20} Likewise, in the instant case, appellees owed no duty to provide lighting. Collier testified that she was walking in a "big old field" of complete darkness. This stands as warning enough that she needed to be more careful. *Id.* at ¶ 18. Furthermore, we decline to find the parked cars as an attendant circumstance. As the trial court stated, "[p]arked cars are not out of the ordinary in a parking lot; they are to be expected." Because the hole in the parking lot and darkness were open and obvious, we agree with the trial court's finding that appellees had no duty to warn or protect Collier. Thus, summary judgment was appropriate.

{¶21} Accordingly, the first and second assignments of error are overruled.

Negligence Per Se

{¶22} In the third assignment of error, Collier argues the trial court committed reversible error by finding that the violation of C.C.O. 457.09 is not negligence per se. C.C.O. 457.09 governs the maintenance of parking places and surroundings and provides in pertinent part: "[i]n outdoor parking lots the operator shall at all times be required to

keep the lot in good order and condition and free from nuisance, and if the lot is not a

hard surface, to take the necessary precautions to prevent the raising of dust and dirt by

the movement of cars thereon." *Id.* at (c).

{¶23} Appellees argue that Collier did not raise this cause of action in her

complaint, therefore, she should be precluded from pursuing this theory of liability.   A

review of the record reveals that Collier first raised this claim in her brief in opposition to

appellees' motion for summary judgment.

{¶24} We note that Civ.R. 8 requires notice pleading, not particularity pleadings.

Sufficient operative facts must be concisely set forth in a claim so as to give fair notice of

the nature of the action.   Civ.R. 8(A), (E).   Here, Collier's complaint raises a

negligence claim, but fails to reference a statutory violation to raise suspicion of a

negligence per se claim.   In a similar situation, the Seventh District Court of Appeals

found that

> negligence and negligence per se are so closely intertwined that a separate
> pleading specifying a statute section is not required to comply with the
> notice pleading requirement.   When a plaintiff raises a negligence claim,
> the defendant is on notice that negligence per se may be raised, regardless
> of whether the statute was listed in the complaint.   Preparing for the two
> types of negligence claims does not require substantially more preparation.

*Lone Star Steakhouse & Saloon of Ohio, Inc. v. Quaranta*, 7th Dist. No. 01 CA 60,
2002-Ohio-1540, ¶ 42.

{¶25} We find the court's reasoning in *Quaranta* persuasive.   Thus, we now

address whether the trial court erred by finding that a violation of C.C.O. 457.09 is not

negligence per se.   Collier contends appellees admitted that they have taken no steps to

maintain the parking lot. As a result, she claims that appellees' violation of C.C.O. 457.09(c) is negligence per se. In support of her argument, Collier relies on *Zaslov v. May Dept. Stores Co.*, 8th Dist. No. 74030, 1998 WL 686266 (Oct. 1, 1998). *Zaslov*, however, is distinguishable from the instant case.

{¶26} In *Zaslov*, the plaintiff injured himself when he hit a pothole while riding his bicycle through a parking lot of May Department Stores. Nine days prior to the incident, May Department Stores was cited for violating University Heights Codified Ordinances Section 1397.07(b) (U.H.C.O.). The trial court granted May Department Stores' motion for summary judgment, and the plaintiff appealed. On appeal, plaintiff argued that May Department Stores was negligent per se because of its violation of the U.H.C.O. 1397.079(b)(2), which provides in pertinent part that: "[a]ll paved areas and surfaces of parking lots * * * shall be maintained free of holes, loose materials such as stones or cinders or litter, and shall be free of scaling or pitting; repaired areas shall be made level and smooth and match in conformity and color with the material of adjacent areas. * * *."

{¶27} In analyzing plaintiff's negligence per se claim, we noted that the violation of a legislative enactment is negligence per se where the law commands a specific act. *Zaslov*, citing *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 119 N.E.2d 440 (1954), paragraph three of the syllabus. When the legislative enactment expresses a rule of conduct in general terms, then liability is determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case. *Eisenhuth* at paragraph three of the syllabus.

**{¶28}** We concluded that plaintiff was

> a member of the class whom the ordinance seeks to protect. [May Department Stores] was in violation of the ordinance because of its failure to maintain the surface free of holes and to maintain the parking surface level and smooth. [Plaintiff] alleged the proximate cause of his injuries was a fall sustained because of an unrepaired pothole. Accordingly, [plaintiff] has presented sufficient evidence to demonstrate [May Department Stores'] negligence *per se*.

(Emphasis sic.) *Zaslov,* 8th Dist. No. 74030, 1998 WL 686266 (Oct. 1, 1998) at 4.

**{¶29}** In the instant case, the ordinance provides:

> [i]n outdoor parking lots the operator shall at all times be required to keep the lot in good order and condition and free from nuisance, and if the lot is not a hard surface, to take the necessary precautions to prevent the raising of dust and dirt by the movement of cars thereon. C.C.O. 457.09(c).

A plain reading of this ordinance reveals that it requires in general terms that parking lots must be kept "in good order and condition and free from nuisance."

In addition, the ordinance requires the operator of unpaved lots, such as the parking lot at issue, take the necessary precautions to prevent the raising of dust and dirt. Whereas, U.H.C.O. 1397.079(b)(2) specifically required that May Department Stores keep all paved areas and surfaces of parking lots free of holes and repaired areas made level and smooth and match in conformity and color with the material of adjacent areas. Because C.C.O. 457.09(c) does not state a specific act to which defendants must comply, Collier's reliance on *Zaslov* is misplaced.

**{¶30}** Rather, the matter before us is analogous to *Abbuhl v. Orange Village*, 8th Dist. No. 82203, 2003-Ohio-4662. In *Abbuhl*, the plaintiff was hit by a car in a parking lot owned by Orange Village. Abbuhl claimed that Orange Village was negligent per se

for failing to illuminate the parking lot. Orange Village filed a motion for summary judgment, which the trial court granted. In finding that the trial court properly granted summary judgment, we stated:

> The applicable Orange Village ordinance, entitled "Illumination," states in relevant part: "[p]arking areas and associated walkways which are intended to be used during non-daylight hours shall be properly illuminated to adequately provide for safety." [Orange Codified Ordinances 1162.06.] In light of *Eisenhuth*, we conclude Abbuhl's negligence per se claim lacks merit. The cited ordinance does not state a specific act to which Orange must comply. It only generally suggests a rule of conduct. Without a specific rule establishing a standard of conduct to replace the "reasonable person" standard, a claim for negligence *per se* must fail. [*Bonds v. Ohio Dept. of Rehab. & Corr.*, 116 Ohio App.3d 144, 150, 687 N.E.2d 300 (1996).]

(Emphasis sic.) *Abbuhl* at ¶ 19.

{¶31} Likewise, in the instant case, C.C.O. 457.09(c) generally suggests that unpaved parking lots be maintained in good order and free from nuisance. Whereas, the ordinance in *Zaslov* specifically required that May Department Stores keep all paved areas free of holes and repaired areas level and smooth. As we found in *Abbuhl*, when a cited ordinance does not state a specific act to which the defendant must comply, a claim for negligence *per se* must fail. *Id.* at ¶ 19.

{¶32} Therefore, the third assignment of error is overruled.

{¶33} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR