[Cite as *Gibson v. Leber*, 2014-Ohio-4542.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| SONYA GIBSON, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2013-L-041 and 2013-L-044** |
| DAVID J. LEBER d.b.a. DAIRY MART, et al., | : | |
| Defendants-Appellees, | : | |
| | : | |
| UNITED HEALTHCARE, | : | |
| Defendant-Appellant. | : | |

Civil Appeals from the Lake County Court of Common Pleas, Case No. 12 CV 000868.

Judgment: Reversed and remanded.

*Werner G. Barthol*, Werner G. Barthol Co., L.P.A., 7327 Center Street, Mentor, OH 44060 (For Plaintiff-Appellant).

*Shannon M. Fogarty*, Davis & Young Company, L.P.A., 1200 Fifth Third Center, 600 Superior Avenue, East, Cleveland, OH 44114-2654 (For Defendants-Appellees).

*Shaun D. Byroads*, Kreiner & Peters, Co., L.P.A., P.O. Box 6599, Cleveland, OH 44101-6599 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This is an appeal from the Lake County Court of Common Pleas. Appellant Sonya Gibson sued appellees David J. Leber and Craig Manchen, together d/b/a Dairy Mart for injuries to her wrist resulting from a fall outside

Dairy Mart. Appellees moved for summary judgment claiming that the pothole that caused Gibson's fall was an open and obvious condition. The trial court granted appellees' motion for summary judgment. Gibson timely appeals. For the reasons set forth below, we reverse the judgment of the Lake County Court of Common Pleas.

{¶2} On October 30, 2010, Gibson went to appellees' store The Dairy Mart to buy some lottery tickets. Gibson was previously familiar with the store as she had visited it approximately ten times before the incident. On October 30, however, Gibson parked in an unfamiliar area of the parking lot. When she parked, there were no cars parked immediately next to her car that could obstruct her view of the ground below. Upon exiting her car, as Gibson was shutting her door, she stepped into a pothole around one to two inches deep and fell landing on her wrist. Gibson later incurred medical expenses relating to two surgeries.

{¶3} Gibson filed a negligence suit against appellees for damages relating to her wrist injury.[1] After discovery, appellees moved for summary judgment arguing that the pothole in the parking lot was an open and obvious condition thereby relieving them of any duty owed to Gibson. Gibson argued that the pothole was not an open and obvious condition because her car door obstructed her view of the pothole. The trial court agreed with appellees, determining that, as a general matter, a plaintiff's individual activity at the

---

1. Gibson also brought suit against United Healthcare. United Healthcare has elected not to participate in this appeal.

moment of the fall cannot constitute an attendant circumstance that prevents the application of the open and obvious doctrine. This appeal followed.

{¶4} As her sole assignment of error, Gibson alleges that:

{¶5} "The trial court's granting of summary judgment in favor of Defendant-Appellees was contrary to law."

{¶6} When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶2} In order to set forth a claim for negligence, a plaintiff must prove the following: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *See, e.g.*, *Hudspath v. The Cafaro Company*, 11th Dist. Ashtabula No. 2004-A-0073, 2005-Ohio-6911, ¶9. In this

case, Gibson was an invitee on appellee's business premises. A business owner owes his or her invitees a duty of reasonable care in maintaining the business premises in a safe condition. *Estate of Mealy v. Sudheendra*, 11th Dist. Trumbull No. 2003-T-0065, 2004-Ohio-3505, ¶29. This duty does not extend to dangers or obstructions that are so obvious that the invitee may reasonably be expected to discover them and protect herself against their potential danger. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 80, 2003-Ohio-2573.

{¶3} The open-and-obvious doctrine is premised upon the legal recognition that one is put on notice of a hazard by virtue of its open and obvious character. *Id.* "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 644 (1992).

{¶4} The question of whether a danger is open and obvious is an objective one. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶25. The fact that a plaintiff was unaware of the danger is not dispositive of the issue. *Id.* Hence, a court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious. *See Stanfield v. Amvets Post No. 88*, 2d Dist. Miami No. 06CA35, 2007-Ohio-1896, ¶12.

4

{¶5} Notwithstanding the objective nature of the inquiry, the question of whether a danger is open and obvious is not always a question that can be decided as a matter of law simply because it may be visible. *Furano v. Sunrise Inn of Warren, Inc.*, 11th Dist. Trumbull No. 2008-T-0132, 2009-Ohio-3150, ¶23, citing *Hudspath*, *supra*. To the contrary, the "attendant circumstances" of a fall may create a material issue of fact regarding whether the danger was open and obvious. *Id.* Attendant circumstances involve all facts relating to the fall, such as "the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted." *Armstrong v. Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, ¶14. In effect, therefore, attendant circumstances include distractions that divert an ordinary person's attention and provide a justifiable reason for the failure to perceive the otherwise open and obvious peril. *Hudspath*, *supra*, ¶19.

{¶6} In the present matter, the only question is whether an obstruction of the pothole due to the car door constitutes an attendant circumstance preventing the application of the open and obvious doctrine as a matter of law. In finding that no attendant circumstances existed, the trial court determined that attendant circumstances cannot include an individual's activity at the moment of the fall, unless the individual's attention was diverted by a circumstance beyond the control of the injured party. *See Collier v. Libations Lounge, LLC*, 8th Dist. Cuyahoga No. 97504, 2012-Ohio-2390, ¶17. In support of her appeal, Gibson directs our attention to *Jacobsen v. Coon Restoration & Sealants, Inc.*, where

5

the Fifth District found that carrying a pizza box across a pizza shop's parking lot could constitute an attendant circumstance for tripping over a broken metal sign post. 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563.

{¶7} We disagree with the trial court's determination that a plaintiff's "individual activity" generally cannot create an attendant circumstance and therefore find a question of fact exists as to whether the pothole was an open and obvious condition. Because our view is in significant disagreement with several other district courts, an in-depth explanation of our views is in order. *See Collier*, *supra*; *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶31; *Alsbury v. Dover Chem. Corp.*, 5th Dist. Tuscarawas No. 2008 AP 10 0068, 2009-Ohio-3831; *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶17.

{¶8} *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of syllabus defined the open and obvious doctrine in Ohio as the following: "[a]n occupier of premises is under no duty to protect a business invitee against dangers which * * * are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Attendant circumstances in Ohio is often defined as "'any distraction that would come to the attention of a pedestrian in the same circumstances and [reduce] the degree of care an ordinary person would exercise at the time.'" *See, e.g.*, *Lumley v. Marc Glassman, Inc.*, 11th Dist. Portage No. 2007-P-0082, 2009-Ohio-540, ¶53, quoting *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, at ¶20; *Sexton v. Certified Oil Co.*, 4th Dist. Ross No.

11CA3299, 2013-Ohio-482, ¶19; *Johnson v. Southview Hosp.*, 2d Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶16. Therefore, a reduction in the standard of care an ordinary invitee would exercise is simply another way of stating that attendant circumstances negate the business owner's reasonable expectation that the invitee will discover the condition.

{¶9} Judge Fain of the Second District has a similar view of attendant circumstances. As he explains:

{¶10} "The attendant-circumstances doctrine informs the open-and-obvious analysis, and is therefore also addressed to the duty of the owner of the premises to warn of a potential hazard. In performing the open-and-obvious analysis, the court is obliged to consider the circumstances generally attending a person encountering the hazard at that location on the premises. If those circumstances would distract a reasonable person from a hazard that would otherwise be open and obvious, then they must be taken into account.

{¶11} "But the analysis is still concerned with the issue of whether the owner had a duty to warn persons of the existence of the hazard. The issue is still whether the owner could reasonably expect that the hazard would be open and obvious to a person encountering it. Therefore, the attendant circumstances that inform the analysis refer to circumstances that the owner could reasonably foresee.

{¶12} "For example, if the owner (including, of course, its agents and employees) has placed shelves containing merchandise, with signs encouraging patrons to purchase the merchandise, adjacent to, and above, a patch of soapy

7

water on the floor, that is an attendant circumstance that must be considered in determining whether the hazard is open and obvious. Even if the soapy water would otherwise be open and obvious, the placement of the attractive merchandise adjacent to, and above it, could reasonably be expected by the owner to distract a reasonable person from the hazard, thereby rendering it not open and obvious. The circumstance of the distracting merchandise generally attends persons encountering the otherwise open and obvious hazard. *See Bumgardner v. Wal-Mart Stores, Inc.,* 2d Dist. Miami No. 2002-CA-11, 2002 Ohio 6856, in which the existence of merchandise in close proximity to a hazard was a factor in finding a genuine issue of material fact in a personal injury case.

{¶13} "But suppose that the same soapy water is present on the floor of the store, with no distracting merchandise nearby, and a reasonable person could be expected to see the patch of soapy water, because it is roughly two feet in diameter, and the suds generally present in the water make it clearly visible. Suppose further that a crazed gunman, armed with an assault rifle, enters the store and begins shooting persons at random. One occupant of the premises, running for his or her life, does not see the soapy water, slips, falls, and is injured. The *particular* circumstance of fleeing a mortal danger distracted the occupant from noticing the hazard that would otherwise have been open and obvious, but that circumstance could not have been reasonably anticipated by the owner of the premises.

{¶14} "It is the circumstances generally attendant upon a person encountering the hazard at that location, which the owner could reasonably

8

foresee, not particular circumstances of a person when encountering the hazard, which the owner could not reasonably foresee, that inform the open-and-obvious doctrine, potentially rendering a hazard not open and obvious that would otherwise be open and obvious.

{¶15} "Thus, in *Williams v. Voss Chevrolet, Inc.*, 2d Dist. Montgomery No. 21560, 2006 Ohio 4509, ¶ 16, we held: '* * * that no reasonable jury could find that the owner of the Voss Chevrolet store was charged with knowledge, constructive or actual, that a salesman was going to make a chance remark about the weather at the moment that a customer was about to enter the store. Therefore, that cannot be an attendant circumstance capable of rendering the four-inch step up into the store other than open and obvious, and the store owner had no duty to warn the customer of the hazard, or to correct it.'

{¶16} "Because the issue is whether the owner had a duty to warn persons on the premises of a potential hazard, the question is whether the owner could reasonably expect, from circumstances known to the owner, or of which the owner had constructive knowledge, that the hazard would be open and obvious to a reasonable person encountering the hazard." *Johnson v. Southview Hosp.*, 2d Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶24-30, concurring opinion of Judge Fain.

{¶17} Furthermore, the Restatement (Second) of Torts Section 343A states:

{¶18} "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is

9

known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

{¶19} "(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."

{¶20} Comment f further elaborates that "[t]here are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

{¶21} "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Several other states have followed the Restatement on these points. *See Dos Santos v. Coleta*, 465 Mass. 148, 154-158 (2013); *Groleau v.*

10

*Bjornson Oil Co.*, 676 N.W.2d 763, 769-770 (N.D.2004); *Bucheleres v. Chicago Park Dist.*, 171 Ill. 2d 435, 452 (1996); *Wieseler v. Sisters of Mercy Health Corp.*, 540 N.W.2d 445, 450 (Iowa 1995); *Miller v. Zep Mfg. Co.*, 249 Kan. 34, 43 (1991); *Baker v. Mid Maine Medical Center*, 499 A.2d 464, 467 (Me.1985); *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 519 (1982); *Wilk v. Georges*, 267 Ore. 19, 23 (1973).

{¶22} Given that the Ohio Supreme Court relied upon the Restatement (Second) of Torts in creating the open and obvious doctrine, it is likely that the attendant circumstance requirement is consistent with the Restatement's position. *Sidle*, 13 Ohio St. 2d at 48-49. Most importantly, however, several Ohio courts have implicitly stated that the presence of attendant circumstances demonstrates the business owner does possess a reasonable expectation that the invitee can avoid an otherwise open and obvious hazard. For instance, in *Jacobsen*, the Fifth District found that carrying a pizza box from a pizza shop to the plaintiff's car could be an attendant circumstance for not noticing a metal stump in a parking lot. *Jacobsen*, 2011-Ohio-3563, ¶24. In other words, the business owner (the pizza shop) could not reasonably expect invitees (the customer) to avoid an otherwise open and obvious condition in the business owner's parking lot (the metal stump) because an attendant circumstance (the pizza box) obstructed the invitee's view of the hazard. Other courts have implicitly used the same logic in explaining why an attendant circumstance exists. *See Horner v. Jiffy Lube Int'l, Inc.*, 10th Dist. Franklin No. 01AP-1054, 2002-Ohio-2880 (discussing a car obstructing a customer's view of a Jiffy Lube

11

pit); *Zimmerman v. Kroger Co.*, 4th Dist. Jackson No. 00CA002, 2000 Ohio App. LEXIS 3646, *13-15 (August 9, 2000) (concluding a door might have been an attendant circumstance obscuring the vision of an out of place floor mat); *Wehrle v. ABC Supply Co.*, 1st Dist. Hamilton No. C-980476, 1999 Ohio App. LEXIS 608 (February 26, 1999) (concluding question of fact existed over whether truck obstructed the view of a drain); *Schuley v. Consolidated Stores Corp.*, 7th Dist. Mahoning No. 98 C.A. 138, 2000 Ohio App. LEXIS 1216 (Mar. 24, 2000) (same).

**{¶23}** Accordingly, the trial court erred in concluding that as a general matter attendant circumstances do not include those created by the invitee's individual activity. The creator of the attendant circumstance is not the focus. Whether the landowner could reasonably foresee that the attendant circumstance would exist when the invitee encountered the condition controls. Ordinary invitee-initiated tasks such as carrying a pizza box across a parking lot or opening a car door are attendant circumstances because the business owner can foresee these activities and that such activities could obstruct the invitee's view of the condition. Consequently, appellant's deposition testimony that the car door obstructed her view of the ground is sufficient to create a question of fact as to whether the condition was open and obvious. Although appellee contends appellant was careless in getting out of the car, this at best creates a question of fact.

**{¶24}** Appellant's sole assignment of error has merit.

{¶25} The judgment of the Lake County Court of Common Pleas is reversed. We remand for further proceedings.

COLLEEN MARY O'TOOLE, J., concurs,

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

_____

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

{¶26} Because I disagree with the analysis and disposition of the majority, I respectfully dissent.

{¶27} Gibson testified she was familiar with this Dairy Mart. She had been to the store at least 10-12 times per month in the year before this incident. She was aware the parking lot contained a giant pothole. There was nothing blocking her view of the pothole as she pulled into the parking lot. She said that as she exited the car, she fell in a pothole in the parking lot because the pothole was obscured by her car door. She said that she did not look to see where she was walking; that if she did, she would have seen the pothole; and that she did not see it because at the time she was talking to someone and was not paying attention to it. The majority holds Gibson's car door created a question of fact regarding whether the pothole was an open and obvious condition.

{¶28} The majority concedes that several other Ohio Appellate Districts disagree with its holding. These districts uniformly hold that attendant circumstances do *not* include the plaintiff's activity at the moment of the fall,

13

unless the plaintiff's attention was diverted by (1) an unusual circumstance (2) of the property owner's making, (3) which is beyond the control of the plaintiff. *Ray*, *supra*, at ¶31 (Fourth District); *Alsbury*, *supra*, at ¶60 (Fifth District); *Collier*, *supra*, at ¶17 (Eighth District); *McConnell*, *supra*, at ¶17 (Tenth District).

{¶29} Further, these holdings are consistent with, if not dictated by, *Armstrong v. Best Buy*, 99 Ohio St.3d 79, 2003-Ohio-2573, the controlling law in this area. In *Armstrong*, the Supreme Court of Ohio held:

{¶30} We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, *as opposed to the nature of the plaintiff's conduct in encountering it*. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that *the condition itself is so obvious* that it absolves the property owner from taking any further action to protect the plaintiff. * * * Even under the Restatement [of the Law 2d, Torts, Section 343A] view [finding liability when the landowner should have anticipated harm caused by obvious dangers], we believe *the focus is misdirected because it does not acknowledge that the*

14

*condition itself is obviously hazardous and that, as a result,*

*no liability is imposed.* (Emphasis added.) *Id.* at ¶13.

**{¶31}** The Supreme Court in *Armstrong* thus criticized Restatement of the Law 2d, Torts, Section 343A, and expressly declined to follow cases that have adopted it. *Armstrong* at ¶10. Consequently, I cannot concur with the majority's reliance on that section of the Restatement and out-of-state cases that have followed it to support its holding.

**{¶32}** Moreover, this court's prior, well-reasoned holding in *Furano*, *supra*, bars a plaintiff from recovering where the difficulty alleged to be an attendant circumstance was created by the plaintiff and solely within his control.

**{¶33}** In *Furano*, the plaintiff tripped over a tire stop upon exiting the passenger side of her husband's car. According to the plaintiff, upon exiting the car, she used her own car to guide her out of a tight parking spot, and then tripped and fell over the tire stop. On appeal, she argued that because her husband's vehicle was almost completely covering the tire stop and their car was close to other cars, the court should apply the attendant circumstances doctrine to her case. This court rejected this argument, holding:

> **{¶34}** The Furanos argue [that] attendant circumstances exist in this case, namely, that the tire stop was almost completely *obscured by their own vehicle* and that there was little room between their vehicle and the adjacent vehicle. We disagree. These circumstances alleged by the Furanos reflect at most the difficulties in negotiating the steps around the elevation

15

of the tire stop after exiting the vehicle. They do not reflect any distraction or diversion that would warrant an application of the doctrine of attendant circumstances. In order to accept their claim that the attendant circumstances here create an issue of fact as to whether a properly placed tire stop was an open and obvious danger, we would have to stretch the doctrine of attendant circumstances beyond its logical construct. (Emphasis added.) *Id.* at ¶25.

{¶35} This court in *Furano* thus drew a distinction between a difficulty created by the plaintiff and a distraction created by the property owner, and held that the former would not warrant application of the attendant circumstances doctrine. This same distinction was made by the Fourth, Fifth, Eighth, and Tenth Districts in the cases cited above. Thus, this court in *Furano* has already adopted the logic and holding of these courts.

{¶36} The position now taken by the majority rewrites the open and obvious doctrine as adopted by the Supreme Court in *Armstrong* to allow a plaintiff to create a question of fact by creating a difficulty which is entirely in his control. The majority's holding ignores *Armstrong*, the precedent of this court in *Furano*, and the decisions of the four Ohio Appellate Districts cited above. The result reached by the majority was never intended by the Supreme Court in *Armstrong*, and violates the holding of that case that the open and obvious doctrine considers the nature of the dangerous condition itself, *not the nature of the plaintiff's conduct in encountering it.* Because the majority's holding does

16

not follow the well-settled law of this state, I would hold that Gibson cannot rely on her car door to create a genuine issue of material fact regarding whether the pothole was open and obvious.

{¶37} The facts of this case are quite similar to those in another case decided by this court. In *Ward v. Wal-Mart Stores, Inc.*, 11th Dist. Lake No. 2001 Ohio App. LEXIS 6006 (Dec. 28, 2001), the plaintiff drove to Wal-Mart. She was familiar with the parking lot. She tripped in a pothole and fell in the parking lot injuring her ankle. This court held the plaintiff's alleged distraction by other people and cars merely described normal conditions found in most parking lots. *Id*. at *11. The plaintiff never said that traffic was unusually heavy or close by at the time of the incident. The pothole was out in the open and nothing impeded her view of the defect. This court held the plaintiff's claim was barred by the open and obvious doctrine. *Id*. The Supreme Court of Ohio affirmed this holding on the authority of *Armstrong*, *supra*, at ¶1.

{¶38} For the foregoing reasons, I would affirm the trial court's summary judgment in favor of Dairy Mart.

{¶39} I therefore respectfully dissent.